UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RASHID RAEKWON GREEN, )
      Plaintiff, )
)
v. ) CV419-172
)
P.R.E.A, et al., )
)
      Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Rashid Raekwon Green, incarcerated in Chatham County Jail, brings this 42 U.S.C. § 1983 Complaint against several Chatham County Jail officers alleging that they are failing to protect him from sexual assault. Doc. 1. The Court granted plaintiff's motion for leave to proceed *in forma pauperis*, doc. 3, and he returned the requested forms, doc 4, doc. 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). "[A] complaint must contain sufficient

Plaintiff alleges that an inmate regularly masturbates in front of him, makes lewd comments about his sexual preferences, pantomimes slapping his butt, and threatens to rape him should he be placed in general population. Doc. 1 at 5-6. Plaintiff alleges that he advised multiple officers about the threats and the activity and that at least one officer advised him to "let it happen," and that the remainder laugh when he raises his concerns—despite the fact that these same officers have observed the alleged activity. *Id.* at 5. He also alleges that he filed formal complaints both under the prison grievance system and pursuant to the Prison Rape Elimination Act, 42 U.S.C. §§ 15601-09 ("PREA"), but that nothing has been done to protect him from the inmate's repeated sexual assaults. *Id.* at 6. He requests $80,000 as damages and—as injunctive relief—to be kept in a segregated housing unit. *Id.* at 7.

---

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (*quoting Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (*quoting Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*quoting Twombly*, 550 U.S. at 555).

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

Circumstantial evidence and the obviousness of the substantial risk of harm, not just actual notification, may also be used to establish subjective awareness. *Farmer*, 511 U.S. at 842-44. Further, allegations suggesting the substantial risk was "long-standing, pervasive, [or] well-documented" and the defendants "had been exposed to information concerning the risk and thus must have known about it . . . could be sufficient . . . to find that [the defendants] had actual knowledge of the

risk." *Id.* at 842-43 (internal quotes and cite omitted). But, even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837.  Put differently, plaintiff must show more than "a generalized awareness of risk" and "much more than mere awareness of [a specific inmate's] generally problematic nature." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Plaintiff's case—at least at the screening stage—establishes the necessary elements to pursue the claim against the officers he has named. He alleges that each of them either saw or were told of repeated incidences of sexual harassment, that they were informed of the direct threat of rape, and plaintiff repeatedly states that he filed grievances and reports pursuant to the PREA. Doc. 1 at 6.  Not only that, but plaintiff alleges that at least one of the officers specifically acknowledged the risk plaintiff was facing by telling him to "let it happen," and that the remainder laughed when told of the assaults or when observing the activities of the inmate. *Id.* at 5-6.  The Court,

4

therefore, concludes that the identified officers were both aware of an actual risk—the threat of rape and further sexual assault—and were subjectively aware of a substantial risk of serious harm. In fact, defendants were so aware of the substantial risk of serious harm that they instructed plaintiff to "let it happen," and laughed when the inmate made violently suggestive motions toward plaintiff. Doc. 1 at 5-6.

However, despite the allegations contained in his Complaint, only some of plaintiff's requested methods of relief are cognizable at this time. Damages are not available unless defendant is actually physically injured. *See, e.g., Bracewell v. Lobmiller*, 938 F. Supp. 1571 (M.D. Ala. 1996), aff'd 116 F.3d 1493 (11th Cir. 1997) (no cause of action where only emotional and psychological harm). As plaintiff has not alleged physical harm, his claims for money damages should be **DISMISSED**. However, an inmate need not wait to be injured before bringing suit requesting injunctive relief. *Farmer v. Brennan*, 511 U.S. 825 (1994). Since plaintiff seeks injunctive relief, his suit is not dead on arrival and may proceed—at least insofar as he requests the injunctive remedy of segregated housing. Finally, plaintiff names as a defendant the PREA.

Doc. 1 at 1.  However, the law itself is not an entity subject to suit, thus it should be **DISMISSED** as a defendant.[2]

In conclusion, plaintiff's claims for money damages as well as his claims against or pursuant to the PREA should be **DISMISSED** from the Complaint.  His claims for deliberate indifference and failure to protect against the identified officers however are **AUTHORIZED** for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon the remaining defendants so that they may respond.

Meanwhile, it is time for plaintiff to pay his filing fee.  His PLRA paperwork reflects $126.00 in average monthly deposits. Doc. 5.  He therefore owes an initial partial filing fee of $25.20.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount

---

[2] To the extent plaintiff sought to bring a § 1983 claim pursuant to the PREA, that statute does not establish a private right of action and so no claim may be brought here.  *See Hawkins v. Walden*, 2016 WL 5660338, at *7 (M.D. Ga. Sept. 28, 2016) (collecting cases).

reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

---

[3] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately.  In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.


rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of November, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA